FILED
United States Court of Appeals
Tenth Circuit

August 23, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSIAH GAMMILL,

    Defendant - Appellant.

No. 24-5038
(D.C. No. 4:21-CR-00140-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **EBEL**, and **FEDERICO**, Circuit Judges.
_____

Josiah Gammill pled guilty to one count of second-degree murder. The district court sentenced him to 604 months in prison, which was within the range of imprisonment that the parties stipulated to in the plea agreement. Although his plea agreement contained a waiver of his appellate rights, Mr. Gammill filed a notice of appeal. The government then filed a motion to enforce the appeal waiver.

Mr. Gammill's counsel filed a response to the motion pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating her belief that opposition to the motion would be frivolous. Consistent with the procedure outlined in *Anders*, *id.* at 744, we

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

gave Mr. Gammill the opportunity to file a pro se response to show why the appeal waiver should not be enforced.  His response was initially due on July 31, 2024, and we sua sponte extended the deadline to August 13, 2024, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).  The government argues that all three of these conditions are met in this case.

Consistent with our obligation under *Anders*, we conducted an independent review of the proceedings.  *See* 386 U.S. at 744.  After doing so, we agree it would be frivolous to oppose the government's motion.  We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam